UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-CV-23182-WILLIAMS/SIMONTON

LYNDI BARRUW,

Plaintiff,

v.

NCL (BAHAMAS) LTD.,

Defendant.
_____________________/

**SECOND AMENDED COMPLAINT**

Plaintiff sues Defendant and states at all material times:

1. Plaintiff files this Second Amended Complaint under Federal Rule of Civil Procedure 15(a)(2) with Defendant's written consent. Defendant's counsel agreed in an email to the filing of this pleading on January 8, 2016. Plaintiff has not attached that email to this pleading per Local Rule 7.7.

2. This Court has diversity jurisdiction over this case because Plaintiff is a British citizen, NCL is a Florida citizen and more than $75,000 is in controversy.

3. This Court is the proper venue for this case because NCL operates a common carrier business here and the parties agreed to litigate this case here.

4. Plaintiff satisfied all conditions precedent or they are waived.

5. NCL owned, operated, possessed, and/or controlled the M/V *Norwegian Getaway* (the ship).

6. Plaintiff was lawfully on the ship for a multi-day cruise in August of 2014.

7. The multi-day cruise traveled between at least one United States' port and one foreign port.

8. NCL owed Plaintiff a duty to exercise reasonable care under the circumstances.

**Plaintiff's Incident**

9. In the early afternoon of August 25, 2014, Plaintiff was walking barefoot on the ship's deck that contained a walking/jogging track.

10. The deck was exposed to the sun.

11. August 25, 2014 was a bright and sunny day.

12. By the early afternoon, portions of the deck were hot from the baking sun.

13. Defendant knew or should have known the deck would be hot.

14. Plaintiff did not expect the deck to be hot.

15. Her feet began to burn.

16. She began walking quickly to get away from the hot portion of the deck.

17. In the process of moving away from the hot portion of the deck, Plaintiff slipped and fell in water on the deck.

18. Plaintiff did not notice the water because it blended in with the deck.

19. Plaintiff suffered, among other things, fractures of her T7 and T8 vertebrae.

20. NCL was involved in the design of the ship and her decks.

21. NCL was involved in the selection of the deck coverings used on the ship.

22. NCL inspected, accepted, and approved the ship (and her deck where Plaintiff was injured) before she was placed into service.

23. The material used on the deck of the ship where Plaintiff was injured became unreasonably hot and dangerous when exposed to sunlight for extended periods of time.

24. The material used on the deck of the ship where Plaintiff was injured was unreasonably slippery.

**Count 1 - Negligence**

25. Plaintiff incorporates paragraphs 1-24.

26. NCL owed Plaintiff a duty to act reasonably under the circumstances with regard to her safety.

27. NCL breached that duty in these non-exclusive ways:

a. Choosing a deck material that became unreasonably hot after extended exposure to sunlight;

b. Choosing a deck material that was unreasonably slippery;

c. Failing to reasonably inspect the deck material, discover it was unreasonably slippery, and make it safer.

d. Failing to reasonably inspect the deck and remove the liquid before Plaintiff slipped and fell in it;

e. Failing to reasonably inspect the deck and cordon off the wet area where Plaintiff slipped and fell;

f. Failing to reasonably maintain the deck by removing the liquid from the deck by squeegees or some other means;

g. Failing to have sufficient crew members looking for and correcting dangers on the deck;

h. Failing to provide a reasonably safe deck for Plaintiff to walk on;

i. Failing to warn Plaintiff of the latent danger of the liquid on the deck;

j. Failing to properly train its employees on deck safety to ensure they understood NCL's deck safety policy;

k. Failing to properly supervise its employees to ensure they followed NCL's deck safety policy; and

l. Engaging in a negligent mode of operation that allowed the foregoing to occur (collectively "the dangerous conditions").

28. The dangerous conditions created a foreseeable zone of risk to Plaintiff.

29. Defendant knew about the dangerous conditions, or they existed long enough that Defendant should have discovered them in exercising due care, or they occurred with such frequency that Defendant was on notice of them.

30. Defendant created the dangerous conditions.

31. Defendant's negligence directly and proximately caused Plaintiff to slip and fall on the deck of the ship and suffer bodily injury, pain, disability, loss of capacity for the enjoyment of life, mental suffering, medical expenses, aggravation of pre-existing condition, loss of the ability to earn money, and loss of the pleasure of the complete cruise and Plaintiff demands a refund for all cruise money.

Wherefore, Plaintiff asks for:

a. Judgment for damages in an amount proven at trial;

b. Cost of suit;

c. Jury trial; and

d. Prejudgment interest where applicable.

LAWLOR WHITE & MURPHEY, LLP
**Counsel for Plaintiff**
2211 Davie Blvd.
Ft. Lauderdale, FL 33312
954-525-2345
954-730-8908 fax
bmurphey@lwmlegal.com
agonzalez@lwmlegal.com

By: /s/ Ben Murphey, Esq. (25489)

My signature above certifies I served this by CM/ECF on January 8, 2016 to:

Andy Beauliue, Esq. (115097)
Thomas Briggs, Esq. (663034)
MASE LARA, PA
**Counsel for Defendant**
2601 S. Bayshore Dr., #800
Miami, FL 33133
305-377-3770
305-377-0080 fax
abeaulieu@maselara.com
tbriggs@maselara.com